IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARTIN D. POTASH, and
EDNA W. POTASH, husband/wife,

     Plaintiffs,

vs.                                 CASE NO.: 6:03-cv-1652-Orl-18KRS

ORANGE COUNTY LAKE COUNTRY
CLUB, INC.,

     Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court on motion for summary judgment by Defendant Orange County Lake Country Club, Inc. (Doc. 23, filed March 16, 2005) to which Plaintiffs Martin and Edna Potash have responded in opposition (Docs. 30 and 31). For the reasons stated herein, the Court grants Defendant's motion for summary judgment.

## I.  BACKGROUND

On March 14, 2001, Plaintiff Martin Potash ("Potash") was playing golf at Defendant's golf course. At the sixth hole, Potash hit his ball short and slightly to the left of the fairway. The ball was located inside the normal boundaries of a water hazard, which, at the time, was "completely dried out." (Potash Dep. at 48, 28.) As Potash approached the ball, he tripped on "a broken tree stump" and fell, sustaining the injuries that form the basis of the instant suit. (Id. at 35, 46.)

Potash did not see the tree stump when he was looking for the ball. (Id. at 44.) He was focused on finding the ball. (Id. at 46, 48.) After Potash fell, he saw a number of stumps in the

hazard area. (Id. at 45.) He described the stumps as "visible," but stated that "the grass was a little high and the stump was just a little above it." (Id.) He acknowledged that the stump was "protruding" from the grass. (Id. at 46.) Potash also testified that he would not expect the mowers to go into the dried water hazard area. (Id. at 49)

## II.   DISCUSSION

### A.   Summary Judgment

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on his pleadings to satisfy its burden.   Celotex, 477 U.S. at 323-24.

2

When the non-moving party has the burden of proof at trial, the moving party may meet its initial burden in one of two ways. It may support the motion by directing the Court's attention to affirmative evidence "that negates an essential element of the non-moving party's claim." Celotex, 477 U.S. at 331 (Brennan, J., dissenting).[1] Alternatively, the moving party may point out to the court the "absence of evidence to support the non-moving party's case." Id. at 324; Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993).

If the moving party shows the absence of a genuine material fact that is triable, in either of these ways, and that it is entitled to judgment, the burden shifts to the non-moving party to make a sufficient showing to establish the essential elements of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322. In contrast to the moving party, the non-moving party may not rest solely on her pleadings to satisfy this burden and escape summary judgment. Id. at 324. It must designate evidence within depositions, answers to interrogatories or admissions that indicates that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50.

### B.   Negligence

To sustain a cause of action for negligence under Florida law, the plaintiff must prove by a preponderance of the evidence that: (1) the defendant had a duty to protect the plaintiff; (2) the defendant breached that duty; and (3) the defendant's breach was the proximate cause of

---

[1] Justice Brennan agreed with the plurality's analysis of the standard for summary judgment in Celotex. He dissented on the basis of the facts of the case.

3

the plaintiff's injuries and resulting damages. <u>Cooper Hotel Serv., Inc. v. MacFarland</u>, 662 So.

2d 710, 712 (Fla. 2d DCA 1995). The parties in the instant case dispute only whether

Defendant breached its duty to Plaintiff. A landowner owes two duties to a business invitee:

(1) to use reasonable care in maintaining its premises in a reasonably safe condition; and (2) to

give the invitee warning of concealed perils that are or should be known to the landowner and

that are unknown to the invitee and cannot be discovered through the exercise of due care. <u>St.</u>

<u>Joseph's Hosp. v. Cowart</u>, 891 So. 2d 1039, 1040 (Fla. 2d DCA 2004).

### 1. Duty to Warn

Defendant initially argues that it owed no duty to warn Potash of the tree stump because

it was and "open and obvious danger." It is well-established under Florida law that "[s]ome

conditions are simply so open and obvious, so common and so ordinarily innocuous, that they

can be held as a matter of law to not constitute a hidden dangerous condition." <u>Circle K</u>

<u>Convenience Stores, Inc. v. Ferguson</u>, 556 So. 2d 1207, 1208 (Fla. 5th DCA 1990). Defendant

relies on a line of "trip and fall" cases, in which the plaintiff tripped on objects or uneven

surfaces. <u>See</u> <u>Circle K Convenience Stores, Inc.</u>, 556 So. 2d at 1208 (affirming directed verdict

where invitee stubbed toe on parking lot's uneven surface); <u>Taylor v. Univ. City Prop. Mgm't</u>,

779 So.2d 621, 622 (Fla. 5th DCA 2001) (affirming summary judgment where Plaintiff walked

into a six-foot planter containing shrubbery and slipped on the uneven surface.) Although not

perfectly analogous to the facts of the instant case, the Court finds these cases instructive.

It is undisputed that the tree stump was visible to Plaintiff. He testified that the stump

was "visible" and "protruding" from the grass. The Court accordingly finds that the stump was

open to observation by Plaintiff in the exercise of due care. <u>See</u> <u>Cooper Hotel Serv., Inc.</u>, 662

4

So. 2d at 712 (noting that open and obvious danger is one that cannot be discovered by plaintiff through the exercise of ordinary care); cf. 1661 Corp. v. Snyder, 267 So. 2d 362, 363 (Fla. App. 1972) (holding that open and obvious nature of pipe obscured by grass and weeds was a question for the jury where there were conflicting accounts about whether the grass fully hid the pipe).

Furthermore, the tree stump was located in a water hazard, not in the rough. The court's remarks in Taylor are again instructive:

> [A]nyone who walks into a planter containing a Washington palm, greenery and/or flowers and dirt is held to know that this is a hazard to walking. The precise nature of the hazard need not be observable. Such a change in level caused by the change in materials and surface texture and the effect on footing is to be expected. Taylor, 779 So.2d at 622.

Similarly, anyone walking into a dried water hazard knows it is a hazard to walking. Plaintiff had "ample notice of an open and obvious hazard." Id.

### 2.   Duty to Maintain the Premises

Florida courts have consistently held that "while the open and obvious danger doctrine may in certain circumstances discharge the duty to warn, it does not discharge the landowner's duty to maintain the property in a reasonably safe condition." Marriott Int'l, Inc. v. Perez-Melendez, 855 So. 2d 624, 631 (Fla. 5th DCA 2003); Knight v. Waltman, 774 So. 2d 731, 734 (Fla. 2d DCA 2000). This duty requires Defendant to exercise ordinary care. St. Joseph's Hosp., 891 So. 2d at 1041.

There is no indication that Defendant failed to maintain its golf course in a reasonably safe condition. It is obvious that a natural water hazard does not necessitate the same level of

5

maintenance as the fairway, green, or rough. The Court can discern no reason why Defendant

should be subjected to liability for a visible tree stump that was not an unlikely condition to be

encountered in a hazard. Cf. McRoy v. Riverlake Country Club, Inc., 426 S.W.2d 299, 302-03

(Tex. Civ. App. 1968) (reversing directed verdict in favor of country club where appellant's

golf cart hit tree stump that was obscured *in the rough* and where appellant's witness testified

that stumps should not be on the course.); Saga Bay Prop. Owners Ass'n v. Askew, 513 So. 2d

691, 693-94 (Fla. 3rd DCA 1987) (citing cases for the proposition that landowners may not be

liable for injuries caused by debris on the bottom of a pond because such debris is characteristic

of ponds). Plaintiff fails to introduce evidence concerning the general safe maintenance of

water hazards.[2]  In fact, Potash testified that he did not expect maintenance workers would go

into the water hazard.

   "The mere occurrence of an accident does not give rise to an inference of negligence."

St. Joseph's Hosp., 891 So. 2d at 1041. The Court finds that Defendant exercised reasonable

care in maintaining the golf course in a safe condition. Defendant's motion for summary

judgment is accordingly granted.

---

[2] Plaintiff submits an unsworn letter from a "PGA Professional" in his separate "Objection" to the summary judgment motion. The letter is inadmissible under Rule 56 of the Federal Rules of Civil Procedure. See Witbeck v. Embry Riddle Aeronautical Univ., Inc., 219 F.R.D. 540, 544-45 (M.D. Fla. 2004)  In any event, the letter makes no statements regarding the general safe maintenance of water hazards.

## III.   CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Doc. 23) is

**GRANTED**.  The Clerk of the Court is directed to **ENTER JUDGMENT** on behalf of

Defendant Orange County Lake Country Club, Inc. and **CLOSE THE CASE**.


**DONE** and **ORDERED** in Orlando, Florida on this ___29___ day of April, 2005.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

7